UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-13(DSD/JJK)

United States of America,

    Plaintiff,

v.                              **ORDER**

Michael Edward Willis,

    Defendant.

This matter is before the court upon the pro se motion by defendant Michael Edward Willis for extension of time to file a petition pursuant to 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

On November 1, 2011, Willis pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). J. 1, ECF No. 45. Willis was sentenced to a term of imprisonment of 180 months. Id. at 2. Willis did not appeal the sentence, and he is currently incarcerated at the Federal Correctional Institution in Cumberland, Maryland (FCI Cumberland). Mot. for Extension 2. On October 19, 2012, Willis filed a motion for extension of time to file a § 2255 petition, arguing that such relief is warranted because he "do[es] not have access to any of his property or legal material" while at FCI Cumberland. Id. at 1.

**DISCUSSION**

Motions for relief under § 2255 generally must be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Where, as here, a prisoner does not appeal his conviction, the judgment becomes final when the fourteen-day period for filing a notice of appeal expires. Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008) (citations omitted). The doctrine of equitable tolling can extend this period, however, and courts may excuse a late filing "where extraordinary circumstances beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1092-93 (8th Cir. 2005) (citations and internal quotation marks omitted).

Here, Willis has not yet filed a § 2255 petition, and this court does not have jurisdiction to consider the merits of his motion. "[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed. Prior to an actual filing, there is no case or controversy to be heard, and any opinion ... on the timeliness issue would be merely advisory." Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (citations and internal quotation marks omitted). As a result, the court will consider Willis's § 2255 petition and any equitable

2

tolling argument after the petition is filed.[1]  Therefore, because the court lacks subject-matter jurisdiction, dismissal of the motion is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that Willis's motion for extension of time to file § 2255 petition [ECF No. 47] is denied.

Dated:  October 23, 2012

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[1] In so stating, the court makes no representations about the underlying merits of Willis's § 2255 petition or the application of equitable tolling.