UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 11-13(DSD/JJK)
Civil No. 12-3017(DSD)

United States of America,

              Plaintiff,

v.                                                    **ORDER**

Michael Edward Willis,

              Defendant.


      Michael Edward Willis, FCI Cumberland, P.O. Box 1000,
      Cumberland, MD 21501, pro se.

      LeeAnn K. Bell, Assistant U.S. Attorney, 600 U.S.
      Courthouse, 300 South Fourth Street, Minneapolis, MN
      55415, counsel for plaintiff.


      This matter is before the court upon the pro se motion by

defendant Michael Edward Willis to vacate, set aside, or correct

his sentence under 28 U.S.C. § 2255.  Based upon a review of the

file, record and proceedings herein, and for the following reasons,

the motion is denied.


**BACKGROUND**

      On November 1, 2011, Willis pleaded guilty to being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and

§ 924(e)(1).  ECF No. 45, at 1.  Pursuant to the Armed Career

Criminal Act (ACCA), Willis was sentenced to a term of imprisonment

of 180 months.  ECF No. 45, at 2.  Willis did not appeal his

sentence.

On October 19, 2012, Willis filed a pro se motion requesting an extension of time to file his § 2255 motion, arguing that he did not have access to his property or legal materials, as he had recently been transferred to a correctional facility in Cumberland, Maryland. ECF No. 47, at 1. On October 23, 2012, the court denied the motion.[1] ECF No. 48, at 2-3.

Willis filed the instant motion on November 30, 2012. ECF No. 49. On January 31, 2013, the court issued an order to show cause why the motion should not be granted. ECF No. 51. The government responded on February 7, 2013, opposing the motion.

## DISCUSSION

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality or jurisdictional basis of a sentence imposed by the court. See 28 U.S.C. § 2255. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. See United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

---

[1] "[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed. Prior to an actual filing, there is no case or controversy to be heard, and any opinion ... on the timeliness issue would be merely advisory." Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001) (citations and internal quotation marks omitted).

When considering a § 2255 motion, a court generally must hold an evidentiary hearing.  See 28 U.S.C. § 2255(b).  A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact."  Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted).

Willis first argues that his sentence is improper because one of the predicate felonies used to calculate his ACCA status occurred more than fifteen years prior to his guilty plea in the instant matter.  Further, Willis argues that he was denied effective assistance of counsel because his attorney (1) did not proffer the ACCA argument at sentencing, (2) did not inform him of his right to appeal and (3) did not file an appeal.

**I.  Statute of Limitations**

A motion for relief under § 2255 must be made within one year from the date the conviction becomes final.  28 U.S.C. § 2255(f)(1).  Because Willis did not appeal, his conviction became final on November 15, 2011, when his appeal window closed.  See Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008).  Willis filed the instant motion on November 29, 2012, more than one year after his conviction became final.  As a result, the

motion is untimely, and this alone warrants denial of the motion. Even if the motion were timely,[2] however, Willis is not entitled to relief.

## II.  ACCA

Willis first argues that one of the felonies used to establish the mandatory minimum sentence pursuant to the ACCA was too remote to be considered.  This claim is not properly brought in a § 2255 motion because it could have been brought on direct appeal.  See United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995) ("Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal.").  Moreover, Willis's argument is plainly contrary to established law.  There is no time limit for the consideration of prior convictions under the ACCA.  See United States v. Rodriguez, 612 F.3d 1049, 1056 (8th Cir. 2010) ("The statute does not contain a time limit for predicate offenses and ... Congress would have included a time limit had it wanted to do so." (citations omitted)).  Therefore, Willis is not entitled to relief on this argument.

## III.  Ineffective Assistance of Counsel

To prevail on a § 2255 motion based on ineffective assistance of counsel, Willis must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984).  See United

---

[2] The doctrine of equitable tolling can apply to claims made under § 2255.  United States v. Martin, 408 F.3d 1089, 1093 (8th Cir. 2005).

States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009). First, Willis must show that his counsel's performance was so deficient that it was objectively unreasonable. See Strickland, 466 U.S. at 687. Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of counsel with significant deference. Id. at 689. The court must view the reasonableness of assistance given "as of the time of counsel's conduct." Id. at 690. Second, if Willis shows that his counsel gave objectively unreasonable assistance, he must also demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Willis argues that his counsel was ineffective in (1) not arguing that his 1985 conviction for unarmed robbery was too remote for purposes of sentencing under the ACCA, (2) failing to notify him of his right to appeal and (3) failing to file an appeal.

### A. ACCA

As already discussed, the ACCA does not contain a time limit for the consideration of prior convictions. As a result, Willis cannot demonstrate prejudice based on his counsel's failure to make such an argument at sentencing. Cf. Hale v. Lockhart, 903 F.2d 545, 549-50 (8th Cir. 1990) ("[T]he decision of ... counsel not to file a futile motion to transfer was neither deficient performance

5

on his part nor prejudicial.").[3]  Therefore, these allegations do not entitle Willis to relief.

**B.    Failing to Inform Willis of Right to Appeal**

Willis next argues that his counsel failed to inform him of his right to appeal.  Even if this is true, however, the court notified Willis of his right to appeal at the sentencing hearing. See Sentencing Tr. 10:21-11:8.  Thus, Willis cannot demonstrate prejudice, as the record demonstrates that he was aware of this right.  See Imhoff v. United States, No. 1:06-CV-00127, 2007 WL 2080433, at *5 (E.D. Mo. July 16, 2007) (finding that counsel not informing defendant of right to appeal does not result in prejudice when court informed defendant at plea hearing).  Therefore, Willis's claim that counsel failed to inform him of his right to appeal fails.

**C.   Neglecting to File Appeal**

Finally, Willis alleges that his "attorney neglected to file" an appeal.  ECF No. 49, at 5.  Even if the court construes this as an allegation that Willis instructed his attorney to file an appeal, his allegation contradicts the rest of his argument. Throughout his motion, Willis consistently states that he was unaware of his right to appeal.  The court cannot credit this one contradictory statement in the context of the rest of his argument.

---

[3] Because Willis cannot establish prejudice, the court need not analyze counsel's performance.  See Boysiewick v. Schriro, 179 F.3d 616, 620 (8th Cir. 1999)

See Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992) ("We therefore conclude that the fact that [defendant] has managed to make a single, self-serving, self-contradicting statement is insufficient to render the motion, files, and records of this case inconclusive on the question of whether [defendant] instructed his counsel to appeal." (citation omitted)). As a result, this allegation is inherently incredible and does not entitle Willis to relief. Therefore, the § 2255 motion is denied, and no hearing is necessary.

### CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence [ECF No. 49] is denied; and

2. Pursuant to 28 U.S.C. § 2253, a certificate of appealability is denied.

Dated: March 18, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court