```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
                Criminal No. 11-13(DSD/JJK)
```

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Michael Edward Willis,

       Defendant.

    LeeAnn K. Bell, United States Attorney's Office, 300 South Fourth Street, Minneapolis, MN 55415, counsel for plaintiff.

    James S. Becker, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion by defendant Michael Edward Willis to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

On May 31, 2011, Willis pleaded guilty to Armed Career Criminal in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The presentence investigation report (PSR) concluded that Willis was subject to the fifteen-year mandatory minimum sentence imposed by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because he had four previous violent felonies: (1) Michigan unarmed robbery; (2) Minnesota first-degree

burglary; (3) Minnesota simple robbery; and (4) Michigan breaking and entering.  On November 1, 2011, the court sentenced Willis to 180 months' imprisonment, the statutory minimum, and Willis did not object or appeal his sentence.

On November 30, 2012, Willis filed his first pro se motion under 28 U.S.C. § 2255, which the court denied on March 19, 2013. See ECF Nos. 49, 58.  On June 16, 2016, Willis filed a second pro se § 2255 motion,[1] arguing that his sentence is unconstitutional in light of United States v. Johnson, 135 S. Ct. 2551 (2015).[2]  See ECF No. 71.  The government opposes the motion.

## DISCUSSION

### I. Availability of Relief Under Johnson

Under the ACCA, a defendant with three or more previous convictions for a "violent felony" faces at least fifteen years'

---

[1] Willis's motion was filed pro se, but the federal defender later filed a reply to the government's opposition on his behalf. See ECF Nos. 78, 81.  Willis subsequently filed a motion labeled as a successive § 2255 motion and a separate motion for the court to accept a supplemental reply. See ECF Nos. 82, 83.  After reviewing Willis's brief, the court believes that Willis intended the successive § 2255 motion to be a supplemental reply and will construe it as such.  Although Willis's reply largely repeats arguments made by his counsel, the court grants the motion to consider his supplemental reply.

[2] Willis filed his second § 2255 motion without permission from the Eighth Circuit Court of Appeals.  Realizing his error, Willis subsequently moved for leave to file a second motion, which the Eighth Circuit granted on December 5, 2016.  See ECF No. 69.

imprisonment.  See 18 U.S.C. 924(e).  A "violent felony" is any crime that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause];" or (2) "is burglary, arson, or extortion, involves the use of explosives [the enumerated-offense clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause]." 18 U.S.C. §§ 924(e)(2)(B)(i)-(ii).  In Johnson, the Supreme Court struck down the residual clause as unconstitutionally vague.  See Johnson, 135 S. Ct. at 2563.

Willis argues that his sentence is unconstitutional because his four predicate offenses were based on the residual clause.  The government responds that Willis is not entitled to relief because he has not shown that the court relied on the residual clause in sentencing him.  See In re Moore, 830 F.3d 1268, 1273 (8th Cir. 2016) ("[T]he district court cannot grant relief in a § 2255 proceeding unless the movant shows ... that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence.").

Although Willis must show he is entitled to relief under Johnson, he need not meet the insurmountable burden of reading the court's mind.  At sentencing, neither the court nor the PSR stated which clause qualified Willis's felonies as predicate offenses. Further, neither party presented evidence or argument on the issue.

3

Under these circumstances, the court concludes that it is possible it relied upon the residual clause at sentencing, and Willis has shown he is entitled to relief. See Bevly v. United States, No. 4:16CV965, 2016 WL 6893815, at *1 (E.D. Mo. Nov. 23, 2016) ("In a situation where the Court cannot determine under what clause the prior offenses were determined to be predicate offenses, the better approach is for the Court to find relief is available, because the Court may have relied on the unconstitutional residual clause."); Villanueva v United States, 191 F. Supp. 3d 178, 184 (D. Conn. 2016) ("The court considers, among other facts, the absence of any discussion in court concerning under which of the ACCA subsections [defendant's] assault convictions qualified, as strong circumstantial evidence that the court used ... the broad-sweeping Residual Clause."). The court, however, must examine whether Willis's felonies remain predicate offenses under either the force or enumerated-offense clauses. If so, the court's reliance on the residual clause was harmless, and Willis is not entitled to relief. See United States v. Ladwig, 192 F. Supp. 3d 1153, 1159 (applying harmless error analysis to a § 2255 claim under Johnson).

**II. Predicate Offenses**

    **A. 1985 Michigan Unarmed Robbery**

Willis argues that his 1985 unarmed robbery conviction under Mich. Comp. Laws § 750.530 no longer qualifies as a predicate offense under the ACCA. The court disagrees. The Eighth Circuit

has expressly held that Michigan unarmed robbery is a violent felony under the force clause of the ACCA. United States v. Lamb, 847 F.3d 928, 930 (8th Cir. 2017). Accordingly, this conviction qualifies as a predicate offense.

**B.   2006 First Degree Minnesota Burglary**

Willis next argues that his 2006 first-degree burglary conviction is no longer a predicate offense, and the court agrees.

In determining whether a state burglary conviction is a predicate offense, courts generally employ the "categorical approach" which "compare[s] the elements of the statute forming the basis of defendant's conviction with the elements of the 'generic' crime ...." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). The Supreme Court has defined generic burglary as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). Therefore, if a state statute defines burglary more broadly than the generic offense, it cannot qualify as a predicate offense under the ACCA. Mathis v. United States, 136 S. Ct. 2243, 2251 (2016).

Minnesota defines first-degree burglary, in relevant part, as "enter[ing] a building without consent and with intent to commit a crime, or enter[ing] a building without consent and commit[ting] a crime while in the building, either directly or as an accomplice ...." Minn. Stat. § 609.582 subdiv. 1. This language is also used

in defining second- and third-degree burglary. See Minn. Stat. § 609.582 subdivs. 2, 3. The Eighth Circuit recently held that this language in the context of third-degree burglary is broader than generic burglary, and it therefore cannot qualify as a violent felony under the ACCA. United States v. McArthur, 850 F.3d 925 (8th Cir. 2017). Because the language analyzed in McArthur is identical to the language used in defining first-degree burglary, the court holds that Minnesota first-degree burglary is broader than generic burglary. Therefore, Willis's first-degree burglary conviction is not a predicate offense under the ACCA.

**C.   1983 Michigan Breaking and Entering**

Next, the court addresses whether Willis's 1983 breaking and entering conviction is a predicate offense. Michigan defines breaking and entering as "break[ing] and enter[ing], with intent to commit a felony or larceny therein, a tent, hotel, office, store, shop, warehouse, barn, granary, factory, or other building, structure, boat, ship, shipping container, or railroad car ...." Mich. Comp. Laws § 750.110. The Sixth Circuit examined Michigan's breaking and entering statute and concluded that it cannot serve as a predicate offense under the ACCA because it is broader than generic burglary. United States v. Ritchey, 840 F.3d 310, 321 (6th Cir. 2016). The government offers no argument to the contrary, and the court sees no reason to depart from the thorough and well-reasoned opinion of the Sixth Circuit. Therefore, Willis's

6

conviction for breaking and entering is not a predicate offense under the ACCA.

**D.  2008 Minnesota Simple Robbery**

Finally, Willis contends that his 2008 conviction for simple robbery under Minn. Stat. § 609.24 is no longer a predicate offense. The Eighth Circuit has consistently held that simple robbery is a predicate offense under the force clause of the ACCA. See United States v. Raymond, 778 F.3d 716, 717 (8th Cir. 2015 (per curiam); United States v. Johson, 526 F. App'x 708, 711 (8th Cir. 2013), rev'd on other grounds, 135 S. Ct. 2551 (2015). Accordingly, Willis's conviction for simple robbery is a predicate offense under the ACCA.[3]

Only two of Willis's four felonies are predicate offenses under the ACCA. As a result, the court should not have applied the

---

[3] The court notes that in United States v. Eason, 829 F.3d 633 (8th Cir. 2016), the Eighth Circuit held that an Arkansas simple robbery statute, which is similar to Minnesota's simple robbery statute, did not require the requisite degree of force to qualify as a predicate offense under the force clause. See id. at 641-42; compare Minn. Stat. § 609.24, with Ark. Code § 5-12-102. Courts in this district are divided as to whether Eason implicitly overruled Raymond and Johnson. Compare United States v. Pettis, No. 15-0233, 2016 WL 5107035, at *3 (D. Minn. Sept. 19, 2016) (holding that Minnesota simple robbery is not a predicate offense and that, in light of Eason, Raymond and Johnson are no longer good law), with United States v. Taylor, No. 15-81, 2017 WL 506253, at *4-5 (D. Minn. Feb. 7, 2017) (distinguishing Eason and holding that Minnesota simple robbery remains a predicate offense). In the absence of any argument on the issue, the court will apply the clear precedent of this circuit. See Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003) ("The District Court ... is bound to apply the precedent of this Circuit.").

ACCA sentencing enhancement in sentencing Willis.[4]

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Defendant's motion under Fed. R. Civ. Proc. 60(b)(4) [ECF No. 61] is denied as moot;

2. The government's motion to dismiss defendant's motion under Fed. R. Civ. Proc. 60(b)(4) [ECF No. 63] is denied as moot;

3. Defendant's motion to supplement reply [ECF No. 83] is granted;

4. The government's motion to dismiss [ECF No. 77] is denied;

5. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 71] is granted;

6. Defendant will be re-sentenced at a date to be determined by the court; and

7. U.S. Probation and Pretrial Services shall provide the court with a revised presentence investigation report.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 6, 2017

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court

---

[4] Willis had previously filed a motion for relief pursuant to Fed. R. Civ. Proc. 60(b)(4). Because the court grants his § 2255 motion, it denies the motion as moot.